

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-19-2008

# Government of the Vi v. Joseph Elliott

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2695

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Government of the Vi v. Joseph Elliott" (2008). *2008 Decisions.* Paper 67.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/67

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

———

NO. 08-2695

———

GOVERNMENT OF THE VIRGIN ISLANDS

v.

JOSEPH ELLIOTT,
Appellant

———

On Appeal From the District Court
of the Virgin Islands,
Division of St. Croix
(D.C. No. 1-05-cr-00040-1)
District Judges:  Hon. Curtis V. Gomez, Hon. Raymond L. Finch
Superior Court Judge:  Hon. Leon A. Kendall

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 11, 2008

BEFORE:  FISHER, JORDAN and STAPLETON
*Circuit Judges*

(Opinion Filed : December 19, 2008)

———

STAPLETON, Circuit Judge:

Appellant Joseph Elliott pled guilty to burglary in the second degree and assault in the third degree pursuant to a plea agreement.  He was sentenced to fifteen years of imprisonment on the burglary charge and five years imprisonment on the assault charge, with the sentences to be served consecutively.  On appeal, the Appellate Division of the District Court of the Virgin Islands affirmed.

In this appeal, Elliott argues that (1) his pleas were not knowing, voluntary and intelligent, (2) his sentence was disproportionate to his criminal conduct and accordingly violated the Cruel and Unusual Punishment Clause of the Eighth Amendment, (3) he was denied effective assistance of counsel, and (4) the assault count of the information fails to state a crime.  Elliott advanced the first three of these contentions before the Appellate Division, and essentially for the reasons given by it in its opinion (App. at 96-106), we will affirm.

After reading the ten page transcript of the exchange between Elliott and the Court during the plea hearing, we, too, are satisfied that Elliott was advised of, and fully understood, the nature of the charges to which he pled and the possible consequences of

his pleas. Given what was established at the plea hearing, it was not necessary that the Court personally spell out the elements of each charge. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005).

As the Appellate Division noted, the Supreme Court has held that "when considering Eighth Amendment challenges to sentencing for felony crimes, 'the length of the sentence actually imposed is purely a matter of legislative prerogative.'" App. at 103 (quoting from *Rummel v. Estelle*, 445 U.S. 263, 274 (1980)). Given the Supreme Court's subsequent application of that principle in *Hutto v. Davis*, 454 U.S. 370 (1982), there is clearly no Eighth Amendment problem here.

Elliott insists that his counsel (1) "duped and forced" him to enter his pleas, (2) did not explain, or even provide him with a copy of, the information, and (3) did not offer unspecified mitigating evidence on his behalf during the sentencing hearing. These charges cannot be evaluated on the basis of the existing record, however, and this is not one of those rare cases in which we can adjudicate an ineffective assistance of counsel claim in a direct appeal.

Giving Elliott the benefit of the doubt, we will view his fourth and final argument as a contention that Count III of the information failed to state a crime. As so viewed, it would not be barred by his guilty plea. *United States v. Ruttenberg*, 625 F.2d 173 (7th Cir. 1980). Count III alleges that Elliott "did with unlawful violence and with intent to injure, assault Susan Sheats with a deadly weapon, to wit, a paint can, by throwing said

3

paint can at Susan Sheats and attempting to strike Susan Sheats with said paint can." JA at 14. Elliott acknowledges that whether something is a "deadly weapon" depends not only on what it is but also how it is used. His argument is that a paint can cannot be employed in a manner that renders it a "deadly weapon" within the meaning of 14 V.I.C. § 297(1).

As we pointed out in *Government of the Virgin Islands v. Robinson*, 29 F.3d 878 (3d Cir. 1994), the common law definition of a "deadly weapon" is as follows:

> A deadly weapon is one which, from the manner used, is calculated or likely to produce death or serious bodily injury. Thus whether a weapon is deadly depends upon two factors: (1) what it intrinsically is and (2) how it is used. If almost anyone can kill with it, it is a deadly weapon when used in a manner calculated to kill. Thus the following items have been held to be deadly weapons in view of the circumstances of their use . . . iron bars, baseball bats, bricks, rocks, ice picks, automobiles, and pistols used as bludgeons.

*Id*. at 886 (quoting Wayne R. LaFave & Austin W. Scott, Jr., Handbook on Criminal Law 537 (1972)). In adopting this definition in *Robinson*, we did "not think it difficult to determine whether Robinson's use of the two-by-four constituted use of a 'deadly weapon.' When Robinson picked up the two-by-four and swung it at [another], it became a weapon which was likely to cause . . . serious bodily injury." *Id*. Adopting that same common law definition here, we conclude that a paint can can, indeed, be used in a manner that renders it a "deadly weapon" within the meaning of 14 V.I.C. § 297(1).

4

We will affirm the judgment of conviction without prejudice to Elliott's ability to press his ineffective assistance of counsel claim hereafter in an appropriate proceeding.[1]

---

[1]Our noting that we do not finally resolve Elliott's ineffective assistance of counsel claim constitutes no comment on the merits of that claim.